Filed 4/5/18; Certified for Publication 4/26/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| BRUCE HOLLOWAY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SHOWCASE REALTY AGENTS, INC. et al.,<br><br>    Defendants and Respondents. | H043492<br>(Santa Cruz County<br>Super. Ct. No. CV180394) |
| BRUCE HOLLOWAY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GREGORY DILDINE et al.,<br><br>    Defendants and Respondents. | H043704<br>(Santa Cruz County<br>Super. Ct. No. CV180394) |

The San Lorenzo Valley Water District (District) acquired real property in Boulder Creek, California from Gregory and Edwige Dildine (Dildines). Bruce Holloway is a taxpayer within District, and filed suit claiming the contract was void under Government Code section 1090, because one of District's directors, Terry Vierra, had an interest in the contract by nature of his partial ownership in Showcase Realty (Showcase), the agency that facilitated the property sale, and the fact that his wife was the listing agent for the property.

District and Showcase brought a successful demurrer on the ground that Holloway lacked standing to assert a claim for conflict of interest.

On appeal, we consider whether Holloway had standing under Government Code section 1092 to bring an action for conflict of interest. We also consider whether Holloway was required to bring a validation action to challenge the real estate contract under Code of Civil Procedure section 863.

## STATEMENT OF THE FACTS AND CASE[1]

Holloway filed his second amended complaint in July 2015 alleging the following: He is a citizen and taxpayer served by District. Vierra was a board member of District, and a majority shareholder of Showcase. In September 2010, District began negotiations to purchase real property in Boulder Creek, California from the Dildines. The contract was finalized and escrow closed in November 2010. When escrow closed, Vierra received a real estate broker's commission of $13,050 through his ownership of Showcase, as well as a community property interest in his wife's real estate commission for facilitating the sale. Holloway became aware that Vierra's wife, who worked for Showcase, was the listing agent for the property in November 2013.

Holloway asserted causes of action for conflict of interest against District, Showcase and Vierra pursuant to Government Code section 1090, and liability pursuant to Government Code section 91005.[2] He sought a declaration that the real estate contract was void, and disgorgement of public monies paid to Vierra in real estate commissions, and the Dildines for the property sale.

---

[1] Because this case is an appeal of a judgment entered following a demurrer, we take the facts as stated in the operative second amended complaint.

[2] Government Code section 91005 is the liability provision encompassed in the Political Reform Act of 1974, as codified in Government Code sections 81000 through 91014. Government Code section 87100 prohibits public officials from acting to influence a government decision in which they have a financial interest.

2

In September 2015, District, Showcase and Vierra filed a demurrer to the second amended complaint arguing Holloway lacked standing under Government Code section 1092,[3] and the second cause of action for liability under Government Code section 91005 was time barred by a four-year statute of limitations as stated in Government Code section 91011, subdivision (b).

The court sustained the demurrer without leave to amend as to the first cause of action for conflict of interest, finding Holloway did not have standing to assert the claim. The court overruled the demurrer as to the second cause of action, finding facts sufficient to justify Holloway's delayed discovery of Vierra's financial interest in District's action.[4]

Holloway filed a notice of appeal of the judgment entered following the court's sustaining the demurrer to his conflict of interest cause of action in the second amended complaint.

## DISCUSSION

Holloway argues that the trial court erred in finding he did not have standing to bring a conflict of interest challenge pursuant to Government Code section 1090.[5]

---

[3] Government Code section 1092, subdivision (a) provides, in relevant part: "(a) Every contract made in violation of any of the provisions of Section 1090 may be avoided at the instance of any party except the officer interested therein."

[4] Following the court overruling the demurrer to the second cause of action, Showcase filed a motion for judgment on the pleadings on the ground that liability under Government Code section 91005 could only be pursued against Vierra as the public official, and not against Showcase. Holloway did not oppose the motion, and the court entered a judgment of dismissal in favor of Showcase.

[5] Government Code section 1090 provides: "(a) Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members. Nor shall state, county, district, judicial district, and city officers or employees be purchasers at any sale or vendors at any purchase made by them in their official capacity. [¶] (b) An individual shall not aid or abet a Member of the Legislature or a state, county, district, judicial district, or city officer or employee in violating subdivision (a). [¶] (c) As used in this article, 'district' means any agency of the (continued)

3

In response, District and Showcase argue for the first time that the trial court lacked jurisdiction to consider the matter, because Holloway failed to bring a validation action within 60 days of District entering into the real estate contract as required by Code of Civil Procedure section 863.[6]

### *Jurisdiction*

Holloway filed his complaint challenging District's actions in 2014, four years after District entered into the real estate contract in 2010. District and Showcase argue that we should dismiss this appeal for lack of jurisdiction because Holloway's complaint was filed beyond the 60-day period for validation actions as set forth in Water Code section 30000 et seq., and Code of Civil Procedure sections 860 and 863.

Whether Holloway's conflict of interest claim is encompassed within Water Code section 30000 et seq., and the 60-day statute of limitations set forth in the validation statutes is a question of law requiring our independent review. (*Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 28 (*Kaatz*).)

The validation statutes are found in Code of Civil Procedure sections 860 through 870.5. A public agency may file a validation action to determine the validity of any matter brought within the scope of the validation statutes. (Code Civ. Proc., § 860.) Alternatively, any "interested person" may bring a validation action to determine the validity of the matter. (*Id.*, § 863.) A validation action initiated by an " 'interested person' " is sometimes referred to as a " 'reverse validation action.' " (*Kaatz*, *supra*, 143 Cal.App.4th at p. 30, fn. 16.) If an agency does nothing, and no interested person brings

state formed pursuant to general law or special act, for the local performance of governmental or proprietary functions within limited boundaries."

[6] Code of Civil Procedure section 863 provides, in relevant part: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter."

4

suit to determine the validity of the action within 60 days, the action is deemed valid. (*Id.* at p. 19.)

The procedures for validation actions are accelerated so the agency or interested persons can obtain a definitive ruling on the validity of the agency's action. (Code Civ. Proc., § 860 et seq.) If the validation statutes apply, the complaint must be filed within 60 days of the agency's act being challenged. (*Kaatz*, *supra*, 143 Cal.App.4th at p. 19.)

Not all actions of a public agency are subject to validation. The validation statutes do not apply just because a claim or action seeks to invalidate an agency's action. (*Kaatz*, *supra*, 143 Cal.App.4th at p. 19; *Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency* (2016) 1 Cal.App.5th 1084, 1096.) The validation statutes themselves do not state what actions are subject to validation; rather, Code of Civil Procedure section 860 permits validation as to "any matter which under any other law is authorized to be determined pursuant to this chapter."

Here, District and Showcase argue that because Holloway's complaint seeks to challenge a county water district's action of entering into a contract, it is subject to Water Code section 30000 et seq., which provides, in relevant part, "County water districts shall be managed under the provisions of this division and may exercise the powers therein expressly granted or necessarily implied therefrom." (Wat. Code, § 31000.) Water Code section 30066 further provides: "An action to determine the validity of an assessment, or of warrants, contracts, obligations, or evidences of indebtedness pursuant to this division may be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure." Because Water Code section 30066 encompasses validation of contracts, District asserts it necessarily applies to the present case involving Holloway's challenge to District's real estate contract.

District's position is based on a broad reading of Water Code section 30066 to include *all* contracts entered into by a county water district being subject to the validation requirements. District does not address case law that interprets the term "contracts"

5

under both Government Code section 53511, and its nearly identical counterpart, Water Code section 30066, narrowly to include only those agreements that address an agency's bonds, warrants or other evidence of indebtedness.

*Kaatz* is one such case and was decided by this court. In *Kaatz*, a taxpayer brought an action challenging a city's purchase and sale of residential property at a fraction of fair market value. The trial court dismissed the suit because a validation action had not been filed within the 60-day time limit. The trial court reasoned that the challenge to a city's purchase and sale of property was embraced by Government Code section 53511's language permitting a local agency to bring a proceeding under the validation statutes to " 'determine the validity of its bonds, warrants, contracts, obligations or evidences of indebtedness.' " (*Kaatz*, *supra*, 143 Cal.App.4th at p. 19.)

We reversed the decision of the trial court, finding that the term "contracts" should be viewed narrowly to include "only those that are in the nature of, or directly relate to a public agency's bonds, warrants or other evidences of indebtedness." (*Kaatz*, *supra*, 143 Cal.App.4th at p. 42.) In arriving at this conclusion, we note the Supreme Court's decision in *City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 341-344 (*City of Ontario*), which construed "contracts" narrowly based in part on the fact that the validation statutes were " 'made applicable only to such matters as the legality of the local entity's existence, the validity of its bonds and assessments, and the validity of joint financing agreements with other agencies.' " (*Kaatz*, *supra*, 143 Cal.App.4th at p. 40, quoting *City of Ontario*, *supra*, at p. 343.)

Moreover, in *City of Ontario*, the Supreme Court noted a broad reading of the term "contracts" would unduly burden taxpayers challenging government actions, because virtually all government actions would fall within the definition. As a result, nearly all taxpayer challenges would be subject to the 60-day time limit for validation actions. (*City of Ontario*, *supra*, 2 Cal.3d at p. 342.) The court concluded that such a broad and sweeping definition was not part of the overarching scheme of validation statutes. (*Ibid*.)

6

In a case similar to the one at bar, the Court of Appeal considered not only the definition of the term "contracts" for the purpose of the validation statutes, but also specifically whether conflict of interest actions under Government Code section 1090 are subject to validation in the first instance. In *Santa Clarita Organization for Planning & the Environment v. Abercrombie* (2015) 240 Cal.App.4th 300 (*Abercrombie*), a wholesale water agency adopted a resolution authorizing an eminent domain action to acquire the stock of the water company. At the time, an agency board member was also serving as the general manager of a water company. Santa Clarita Organization for Planning and the Environment (SCOPE), a taxpayer organization, brought an action for conflict of interest pursuant to Government Code section 1090 against the board member for his involvement on both sides of the transaction.

At the outset, the *Abercrombie* court concluded that conflict of interest actions, such as the present case, are not part of the validation statutes stating: "[b]ecause the conflict of interest claim is brought pursuant to [Government Code] sections 1092, subdivision (b) and 91003, neither of which are part of or subject to the validation statutes, SCOPE's conflict of interest claim does not appear to be subject to the validation statutes' shortened notice-of-appeal deadline." (*Abercrombie*, *supra*, 240 Cal.App.4th at p. 308.)

The *Abercrombie* court went further and considered SCOPE's complaint as a whole to determine if other legislation reached the conflict of interest claims. Specifically, the court looked at the similarity of the language of Water Code section 30066 ("determine the validity of an assessment, or of warrants, contracts, obligations, or evidence of indebtedness") and Government Code section 53511, subdivision (a) ("determine the validity of its bonds, warrants, contracts, obligations or evidences of indebtedness"), and noted the decisions in *Kaatz* and *City of Ontario* narrowly construing the meaning of the term "contracts." (*Abercrombie*, *supra*, 240 Cal.App.4th at p. 309.) The court found SCOPE was not challenging the agency's use of

7

bonds, warrants or other evidences of indebtedness, and because "no statute declares SCOPE's conflict of interest claim to be subject to the validation statutes," the expedited procedural requirements of those statutes did not apply. (*Id*. at p. 310.)

Here, Holloway is asserting that District's real estate contract was tainted by a conflict of interest in violation of Government Code section 1090. There is no challenge to District's bonds, warrants or other evidence of indebtedness. Based on the interpretation of the term "contracts" as set forth in *Kaatz*, *City of Ontario*, and *Abercrombie*, as well as *Abercrombie*'s conclusion that conflict of interest actions are not encompassed in the validations statutes, we find that Holloway was not required to bring a validation action under Water Code section 30066.

### *Standing*

The trial court sustained District's and Showcase's demurrer on the ground that Holloway lacked standing to pursue a claim for conflict of interest under Government Code section 1090. The trial court also found Holloway lacked standing as a taxpayer under Code of Civil Procedure section 526a.

We review a judgment entered following a demurrer de novo. "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

The trial court based its ruling primarily on the case of *San Bernardino County v. Superior Court* (2015) 239 Cal.App.4th 679 (*San Bernardino*), in which a group of taxpayers challenged a settlement agreement between a property owner and a county and flood control district. The taxpayers brought an action under Government Code

8

section 1090, alleging the property owner's campaign contributions to a former county supervisor were illegal bribes making the settlement agreement invalid.

The Court of Appeal found that the taxpayers lacked standing to challenge the settlement because they were not parties to the contract. Government Code section 1092 provides: "[e]very contract made in violation of any of the provisions of Section 1090 may be avoided at the instance of *any party* except the officer interested therein." (Italics added.) The *San Bernardino* court stated: "Nothing in the plain language of either [Government Code] section 1090 or section 1092 grants nonparties to the contract, such as plaintiffs, the right to sue on behalf of a public entity that may bring a claim as provided in section 1092, but has not done so. Indeed, the Legislature's choice of the word 'party' in section 1092—as opposed to, say 'person'—suggests that the Legislature intended only parties to the contract at issue normally have the right to sue to avoid contracts made in violation of section 1090." (*San Bernardino*, *supra*, 239 Cal.App.4th at p. 684.)

The court in *San Bernardino* also rejected the plaintiffs' claim that they had taxpayer standing under Code of Civil Procedure section 526a, which allows "[a]n action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the State, . . . against any officer thereof, or any agent, or other person, acting in its behalf." The court noted: " '[t]axpayer suits are authorized only if the government body has a duty to act and has refused to do so. If it has discretion and chooses not to act, the courts may not interfere with that decision.' " (*San Bernardino*, *supra*, 239 Cal.App.4th at p. 686.) A public agency's decision to take legal action is generally discretionary and as a result, Code of Civil Procedure section 526a does not provide taxpayer standing to challenge an agency's decision *not to* take legal action. (*San Bernardino*, *supra*, at pp. 686-687.)

9

Since the time of the trial court's decision in the present case, a number of cases have criticized the rationale in *San Bernardino*. The most recent case is *San Diegans for Open Government v. Public Facilities Financing Authority of City of San Diego* (2017) 16 Cal.App.5th 1273 (review granted Jan. 24, 2018, S245996) (*San Diegans*),[7] in which the court that found the taxpayer plaintiffs challenging the validity of a municipal ordinance that authorized the issuance of bonds to refinance construction obligations had standing to assert a claim under Government Code section 1090. (*San Diegans*, *supra*, at p. 1285.) The court noted the important public policies embodied in Government Code section 1090, stating, "[p]lainly, a public official's duty to avoid *even temptation* cannot be advanced by adopting a rule which limits civil enforcement to that public official or public entities controlled by the official." (*San Diegans*, *supra*, at p. 1284.) It went further, stating. "we do not agree with the limited interpretation of [Government Code] section 1092 adopted by the court in *San Bernardino* . . . the weight of authority plainly finds that standing to assert [Government Code] section 1090 claims goes beyond parties to a public contract." (*Ibid*.) The court interpreted the terms "any party" within the meaning of Government Code section 1092 to include "any litigant with an interest in the subject contract sufficient to support standing." (*San Diegans*, *supra*, at p. 1284, review granted Jan. 24, 2018, S245996.)

In arriving at its decision, the court in *San Diegans* considered a number of cases dealing with standing to pursue claims for conflict of interest, both by implication and directly. Of note, *San Diegans* discussed the Supreme Court case of *Thomson v. Call* (1985) 38 Cal.3d 633, wherein taxpayers sued participants in a transaction in which a city

_____

[7] We requested further briefing from the parties on *San Diegans*. District's and Showcase's supplemental briefs were largely nonresponsive to our request, and instead, included arguments that Holloway's claims are time-barred because he failed to bring a validation action. The briefs also included constitutional arguments regarding standing that are not raised in *San Diegans*. We disregard these arguments, and do not consider them in this opinion.

council member sold property to a third party who then transferred the property back to the city to fulfill a development permit issued by the city. The court focused heavily on the public policy inherent in Government Code section 1090, and the importance of avoiding even the slightest temptation of a public official to engage in self-dealing in his or her official capacity. (*Thomson v. Call*, *supra*, at pp. 647-650.) The court found that the transaction violated Government Code section 1090 without discussing plaintiffs' standing. By reaching the merits, however, the *Thomson* court impliedly found that plaintiffs had standing to assert their claim. (*McGee v. Balfour Beatty Construction*, *LLC* (2016) 247 Cal.App.4th 235, 248 (*McGee*).)

The *San Diegans* court found *Thomson*'s implied finding of standing consistent with similar assumptions in four other cases: *Stigall v. City of Taft* (1962) 58 Cal.2d 565, 570-571, *Gilbane Building Co. v. Superior Court* (2014) 223 Cal.App.4th 1527, 1531 (*Gilbane*), *Finnegan v. Schrader* (2001) 91 Cal.App.4th 572, 579, and *Terry v. Bender* (1956) 143 Cal.App.2d 198. In each of those cases, taxpayers were permitted to challenge government contracts on the grounds they violated Government Code section 1090. The court in *Gilbane* noted: " '[e]very contract made in violation of any of the provisions of Section 1090 may be avoided at the instance of any party except the officer interested therein.' (Gov. Code, § 1092.) Courts have interpreted this language to mean that a contract made in violation of Government Code section 1090 is void, not merely voidable. (*Thomson v. Call* (1985) 38 Cal.3d 633, 646, fn. 15.)" (*Gilbane*, *supra*, at p. 1532.) The court further noted: " '[a] taxpayer may not bring an action on behalf of a public agency unless the governing body has a duty to act, and has refused to do so. If the governing body has discretion in the matter, the taxpayer may not interfere.' " (*Ibid*.)

In addition to considering the cases that addressed standing under Government Code section 1090 impliedly, the *San Diegans* court also discussed recent decisions that have directly considered standing to assert conflict of interest claims. In *McGee* the court found that taxpayers had standing to bring a conflict of interest action challenging the

11

validity of a lease-leaseback transaction between a school district and a construction company.  The court distinguished *San Bernardino*, finding *Thomson* "apposite as our high court could not have concluded a contract was invalid in violation of [Government Code] section 1090 without implicitly concluding that the taxpayers challenging it had standing to challenge it."  (*McGee*, *supra*, 247 Cal.App.4th at p. 248.)

Following *McGee*, the Court of Appeal decided *California Taxpayers Action Network v. Taber Construction, Inc.* (2017) 12 Cal.App.5th 115, 144-145 (*California Taxpayers*), considering whether taxpayer challengers to a school district's lease-leaseback transaction similar to the one in *McGee* had standing under Government Code section 1090.  In distinguishing *San Bernardino*, the court in *California Taxpayers* found that the *McGee* court's rationale applicable, stating "*McGee* [is] more like this case than *San Bernardino*, and the weight of authority supports permitting a taxpayer to bring a claim under . . . section 1090 under the circumstances here.  If the lease-leaseback agreement in this case violates section 1090, then it is void, not merely voidable. Whether the lease-leaseback agreement is void is not a matter within the School District's discretion."  (*California Taxpayers*, *supra*, at pp. 144-145.)

The *San Bernardino* court's view that only those individuals who are parties to the challenged contract have standing to assert a claim under Government Code section 1090 is against the weight of authority.  We note in particular, *McGee*, *California Taxpayers*, and *San Diegans* that have analyzed this issue after the court decided *San Bernardino*, criticizing its rationale.  Despite this, District and Showcase rely heavily on *San Bernardino*, and do not distinguish *San Diegans* and other subsequent cases that have criticized *San Bernardino*'s limited view of standing, despite having an opportunity to do so.[8]  Instead, District and Showcase argue that the trial court did not commit error by

---

[8] See footnote 7 *ante*.

12

following *San Bernardino*, and that this court does not have the authority to reverse *San Bernardino*.

District and Showcase also argue that Holloway lacks taxpayer standing under Code of Civil Procedure section 526a, because District had discretion to challenge the real estate contract, and was not required to do so. "Taxpayer suits are authorized only if the government body has a duty to act and has failed to do so. If it has discretion and chooses not to act, the courts may not interfere with that decision." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557-1558 (*Daily Journal*).) According to District and Showcase, because District's actions were discretionary, Holloway has no standing to challenge the contract under Code of Civil Procedure section 526a.

District's and Showcase's argument does not take into account that "[a] contract in which a public officer is interested is *void*, not merely voidable." (*Thomson v. Call*, *supra*, 38 Cal.3d at p. 646, fn. 15.) Moreover, "[w]hether the contracts are void is not a matter within the District's discretion." (*Gilbane*, *supra*, 223 Cal.App.4th at p. 1533.) Here, Vierra was a District director who had a personal financial interest in the real estate contract, making the contract "*void*, not merely voidable," and District had a duty to act to avoid it. (*Thomson v. Call*, *supra*, at p. 646, fn. 15.)

Our Supreme Court has specifically stated that taxpayers have standing to sue under Code of Civil Procedure section 526a to set aside void or illegal contracts. In *Crowe v. Boyle* (1920) 184 Cal. 117, the court stated: "In this state we have been very liberal in the application of the rule permitting taxpayers to bring a suit to prevent the illegal conduct of city officials, and no showing of special damage to the particular taxpayer has been held necessary." (*Id*. at p. 152.)

Moreover, in *Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1252, our Supreme Court held that a plaintiff may assert standing under Code of Civil Procedure section 526a, if "she or he has paid, or is liable to pay, to the defendant locality a tax

13

assessed on the plaintiff by the defendant locality." In his second amended complaint, Holloway alleged: "Plaintiff is assessed for and is liable to pay and within one year before the commencement of this action, paid a tax or fee to the SLVWD."

We find that Holloway has taxpayer standing under Code of Civil Procedure section 526a to challenge the contract. (See *Daily Journal*, *supra*, 172 Cal.App.4th at p. 1557.) We also find that Holloway has standing to assert a conflict of interest claim under Government Code section 1090. We are persuaded by the weight of authority favoring standing to assert conflict of interest claims. In particular, we note the *San Diegans* court's definition of "any party" within the meaning of Government Code section 1092 to include "any litigant with an interest in the subject contract sufficient to support standing." (*San Diegans*, *supra*, 16 Cal.App.5th at p. 1284, review granted Jan. 24, 2018, S245996.)

## **DISPOSITION**

The judgment is reversed. Costs on appeal are awarded to Holloway.

14

_____

                       Premo, J.

WE CONCUR:

_____

         Elia, Acting P.J.

_____

          Grover, J.

Holloway v. Showcase Realty Agents, Inc. et al.
H043492
Holloway v. Dildine et al.
H043704

Filed 4/26/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| BRUCE HOLLOWAY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SHOWCASE REALTY AGENTS, INC. et al.,<br><br>    Defendants and Respondents. | H043492<br>(Santa Cruz County<br>Super. Ct. No. CV180394)<br><br>ORDER FOR PUBLICATION |
| BRUCE HOLLOWAY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GREGORY DILDINE et al.,<br><br>    Defendants and Respondents. | H043704<br>(Santa Cruz County<br>Super. Ct. No. CV180394) |

BY THE COURT:

    The written opinion which was filed on April 5, 2018, has now been certified for publication pursuant to rule 8.1105(b) of the California Rules of Court, and it is therefore ordered that the opinion be published in the official reports.

                                                                        _____
                                                                          Premo, Acting P.J.

                                                                          _____
                                                                                 Elia, J.

                                                                          _____
                                                                            Grover, J.

Trial Court:                                          Santa Cruz County Superior Court
                                                     Superior Court No. CV180394


Trial Judge:                                         Hon. Paul P. Burdick


**Case No. H043492**

Counsel for Plaintiff and Appellant:                 Redenbacher & Brown
Bruce Holloway                                       Gary Redenbacher


Counsel for Defendants/Respondents:                  Shannon B. Jones Law Group
Showcase Realty Agents, Inc.                         Shannon B. Jones
Terry Vierra                                         Mark V. Isola

**Case No. H043704**

Counsel for Plaintiff and Appellant:                 Redenbacher & Brown
Bruce Holloway                                       Gary Redenbacher

Counsel for Defendants/Respondents                   In Pro. per.
Gregory and Edwige Dildine,


Counsel for Defendants/Respondents                   Nossaman
San Lorenzo Valley Water District                    Gina R. Nicholls

                                                     Atkinson-Farasyn
                                                     Marc G. Hynes

                                                     Colantuono, Highsmith & Whatley
                                                     Michael G. Colantuono
                                                     Leonard P. Aslanian

Holloway v. Showcase Realty Agents, Inc. et al.
H043492
Holloway v. Dildine et al.
H043704